UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 12, 2026

LETTER TO COUNSEL:

RE:     *Deangelo S. v. Frank Bisignano, Commissioner of Social Security*[1]
        Civil No. TJS-25-417

Dear Counsel:

On February 1, 2025, Plaintiff Deangelo S. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 12, 14 & 15), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Deangelo S. filed his application for DIB on September 1, 2021. Tr. 18. He alleged a disability onset date of July 29, 2021. *Id.* His application was denied initially and upon reconsideration. *Id.* He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") on April 23, 2024. *Id.* In a written decision dated June 24, 2024, the ALJ found that Deangelo S. was not disabled under the Social Security Act. Tr. 18-34. Deangelo S. now seeks review of the ALJ's decision.

The ALJ evaluated Deangelo S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Deangelo S. had not engaged in substantial gainful activity since July 29, 2021. Tr. 21. At step two, the ALJ found that Deangelo S. suffers from the following severe impairments: irritable bowel syndrome, anorectal Crohn's disease, perianal fistula, prolapsing hemorrhoids, recurring proctitis, status/post fistulotomy with seton placement, depression, and anxiety. Tr. 22. At step three, the ALJ found that Deangelo S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings").

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On January 8, 2026, it was reassigned to me.

Tr. 22-23. In considering Deangelo S.'s residual functional capacity ("RFC"), the ALJ made two separate findings. For the period of July 29, 2021, through February 1, 2023, the ALJ found that he retained the RFC to:

> Perform light work as defined in 20 CFR 404.1567(b) except the claimant can remember and carry out simple instructions and occasionally interact with the public, coworkers, and supervisors. He must be able to miss two days of work a month due to the need for medical care and treatment.

Tr. 23.

The ALJ found that as of February 2, 2023, medical improvement had occurred, and Deangelo S. retained the RFC to:

> Perform light work as defend in 20 CFR 404.1567(b) except the claimant can remember and carry out simple instructions and occasionally interact with the public, coworkers, and supervisors.

Tr. 29.

At step four, the ALJ determined that Deangelo S. was unable to perform past relevant work. Tr. 25, 32. At step five, the ALJ determined that as of February 2, 2023, Deangelo S. was able to perform jobs that existed in significant numbers in the economy. Tr. 32. In making this finding, the ALJ considered testimony provided by a vocational expert ("VE") as well as the claimant's age, education, work experience, and RFC. Accordingly, the ALJ found that Deangelo S. was disabled for the period of July 29, 2021, through February 1, 2023, but that his disability ended on February 2, 2023. Tr. 33. Deangelo S. challenges the ALJ's finding that his disability ended on February 2, 2023.

Deangelo S. argues that the ALJ did not comply with *Mascio*, 780 F.3d at 632. After a careful review of the ALJ's opinion and the evidence in the record, I agree. The ALJ did not adequately explain why Deangelo S.'s moderate limitations in concentration, persistence, and pace could be accommodated by the limitations contained in the RFC, or why no limitations were necessary. Accordingly, I conclude that the ALJ's decision does not comply with *Mascio* and will remand this case on that basis for further explanation.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

As part of the step three analysis, the ALJ found that Deangelo S. has moderate limitations in the functional area of concentrating, persisting, or maintaining pace. Tr. 28 ("The next functional area addresses the claimant's ability to concentrate, persist, or maintain pace. For this criterion the

claimant has moderate limitations."). Notably, the ALJ also rejected the opinions of psychology consultants that Deangelo S.'s limitations in maintaining concentration, persistence, or pace were no more than mild. Tr. 31. Despite the ALJ's finding that Deangelo S. had moderate limitations in concentrating, persisting, or maintaining pace, the ALJ incorporated no limitations into the claimant's RFC to account for these limitations, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638.

The ALJ's post-February 2, 2023 RFC formulation limits Deangelo S. to light work, with the additional limitations that he can remember and carry out only simple instructions and only occasionally interact with the public, coworkers, and supervisors. These limitations address Deangelo S.'s ability to handle complexity and to interact with others, but they do not address his limitations in maintaining concentration, persistence, or pace. And the ALJ's opinion contains no explanation about why restrictions to account for these difficulties are unnecessary.

Without an explanation by the ALJ, the Court is left to speculate on how the RFC adequately accounted for Deangelo S.'s difficulties in these areas. If the RFC limitations are meant to address Deangelo S.'s difficulties in concentration, persistence, and pace, the absence of any explanation makes it impossible for this Court to conduct the necessary review. Alternatively, if the ALJ did not believe limitations were necessary to account for Deangelo S.'s difficulties in maintaining concentration, persistence, and pace, the decision does not say so. Without the necessary explanation by the ALJ, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Mascio* requires more than what the ALJ's decision provides.

The Commissioner cites *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). In contrast, the ALJ's decision here does not explain why Deangelo S.'s moderate difficulties in concentration, persistence, and pace do not translate into a limitation in the RFC.

Without a clear and specific explanation as to how the RFC accounts for Deangelo S.'s difficulties in concentration, persistence, and pace (or why no such limitations are necessary), the Court is unable to properly review the ALJ's decision. *See Laura G. v. Kijakazi*, No. BAH-22-1380, 2023 WL 1865618, at *5 (D. Md. Feb. 9, 2023) ("After an ALJ has made a step three finding that a claimant suffers from moderate CPP difficulties, the ALJ must either include a corresponding limitation in the RFC or explain why no such limitation is necessary. . . . The ALJ did neither, so remand is required."); *Chad H. v. Kijakazi*, No. BAH-22-1241, 2023 WL 2837524, at *1 (D. Md. Apr. 6, 2023) (same); *Kimberli H. v. Kijakazi*, No. MJM-22-2850, 2023 WL 8479510, at *5 (D. Md. Dec. 7, 2023) (remanding the case because "the ALJ failed to provide adequate explanation and support for her decision that Plaintiff was moderately limited in concentration, persistence, and pace; failed to include this limitation in the hypothetical posed to the vocational expert, or explain this omission; and failed to account for this limitation in the RFC

assessment, or explain its omission"). Accordingly, this case will be remanded for further proceedings.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 12 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge